## A. F. CASSELS *v.* CHARLES T. WILDER, TAX ASSESSOR AND COLLECTOR OF THE FIRST TAXATION DIVISION OF THE TERRITORY OF HAWAII.

### No. 928.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. C. W. ASHFORD, JUDGE.

ARGUED MAY 31, 1916.          DECIDED JUNE 17, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

TAXATION—*privately owned property of Federal agent.*

The fact that property privately owned by an agent of the Federal government is largely used by him in the performance of his official duties does not render it exempt from territorial taxation.

OPINION OF THE COURT BY WATSON, J.

The petitioner, who is an officer in the United States Army, stationed at Schofield barracks in the city and

county of Honolulu, seeks by his amended bill to enjoin the respondent as tax assessor and collector from collecting or attempting to collect a tax assessed against an automobile, the private property of petitioner, on the ground that the automobile is largely used in the performance of his duties as an officer of the United States Army. A demurrer to petitioner's original bill having been sustained by the lower court in accordance with the views of this court (*Cassels* v. *Wilder, ante* p. 61) petitioner asked and was granted leave to file an amended bill, the allegations of which are similar to those contained in the original bill except for the following additional averments (Par. 6): "That the said automobile was on the said 1st day of January, 1915, and the same still is largely used and operated by your petitioner in the performance or discharge of his official duties as an officer of the United States Army as aforesaid, and during all of said time has been a necessity in connection with the performance of the said official duties so performed by him." Paragraph 10 of the amended bill contains the additional allegation that petitioner's automobile "was on the said 1st day of January, 1915, and still is used and operated by your petitioner herein in the performance and discharge of his official duties as aforesaid."

The cause was heard upon the amended bill, answer and evidence adduced by the petitioner and a decree was duly entered by the circuit judge dismissing said amended bill at petitioner's cost and dissolving the temporary injunction theretofore issued. From this decree the appeal is taken.

Without entering into a detailed discussion of the evidence, suffice it to say that in our opinion it was ample to sustain the allegations of the amended bill of complaint— that petitioner's automobile is used by him largely in the performance and discharge of his official duties. It is contended by petitioner that by reason of this fact his auto-

mobile is exempt from territorial taxation as an instrument used in connection with services performed by him for the Federal government. This contention cannot be sustained. In *Railroad Co.* v. *Peniston,* 18 Wall. 5, 33, the distinction which to our minds is controlling in the case at bar is clearly pointed out between a tax upon the property of a government agent and a tax upon the operations of the agent acting for the government. In that case it was said, distinguishing the cases of *McCulloch* v. *The State of Maryland,* 4 Wheat. 316, and *Osborn* v. *Bank of U. S.,* 9 Wheat. 738:

"It may therefore be considered as settled that no constitutional implications prohibit a state tax upon the property of an agent of the government merely because it is the property of such an agent. * * * It is therefore manifest that exemption of Federal agencies from state taxation is dependent, not upon the nature of the agents, or upon the mode of their constitution, or upon the fact that they are agents, but upon the effect of the tax; that is, upon the question whether the tax does in truth deprive them of power to serve the government as they were intended to serve it, or does hinder the efficient exercise of their power. A tax upon their property has no such necessary effect. It leaves them free to discharge the duties they have undertaken to perform. A tax upon their operations is a direct obstruction to the exercise of Federal powers. In this case the tax is laid upon the property of the railroad company precisely as was the tax complained of in *Thompson* v. *Union Pacific.* It is not imposed upon the franchises or the right of the company to exist and perform the functions for which it was brought into being. Nor is it laid upon any act which the company has been authorized to do. It is not the transmission of dispatches, nor the transportation of United States mails, or troops, or munitions of war that is taxed, but it is exclusively the real and personal property of the agent, taxed in common with all other property in the state of a similar character. It is impossible to maintain that it is an interference with the exercise of any power belonging to the general government,

and if it is not it is prohibited by no constitutional implication."

It has frequently been decided by the supreme court of the United States that a state tax upon the property of an agent of the government is not prohibited simply because it is the property of such agent. *Railroad Co.* v. *Peniston, supra; Thomson* v. *Railroad Co.,* 9 Wall. 579; *Central Pac. R. Co.* v. *California,* 162 U. S. 91; *Reagan* v. *Trust Co.,* 154 U. S. 413. There is no statute, rule or regulation requiring an officer of the United States Army to purchase or own an automobile, or, in the event of such ownership, requiring him to use the same in the performance of his official duties. While it appears from the evidence that such use is, by his superior officers, apparently expected of an officer who owns an automobile, the automobile is only a necessity, as testified to by petitioner, in the sense that he could perform his duties more rapidly, conveniently and expeditiously by the aid of an automobile than he could perform such duties with the equipment provided by the government. In our opinion the fact that an officer of the army, admittedly an agent of the government, employs his private property in the service of the government attaches to it no immunity whatever.

The decree appealed from is affirmed.

*P. R. Bartlett (Holmes & Olson* on the brief) for petitioner.

*Capt. J. A. Gallogly* was permitted to submit an argument on behalf of petitioner.

*I. M. Stainback, Attorney General,* for the assessor.